**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LYLE TARKINGTON, | No. 09-16098 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01021-DOC |
| v. | |
| JEANNE S. WOODFORD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
David O. Carter, District Judge, Presiding

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Anthony Lyle Tarkington, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations arising from a prison riot. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed the action because Tarkington did not allege facts sufficient to show that the defendants deprived him of a constitutional or federal right. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that a plaintiff alleging deliberate indifference to safety must show that a prison official knew of and disregarded an excessive risk to safety); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (explaining that a plaintiff alleging excessive force must show that a prison official acted maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that prisoners have no liberty interest in a particular security classification).

The district court did not abuse its discretion by severing Granvil Bell III from the action and requiring Tarkington to file an amended complaint solely on his own behalf. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000) (stating that district courts have broad discretion regarding severance).

Tarkington's remaining contentions are unpersuasive.

**AFFIRMED.**